By the Court.
The state board of administration, having requested the state civil service commission of Ohio to furnish it a list of names of persons eligible for appointment to the position of superintendent of the state school for the blind, cannot, in this case, be heard to claim that it is not practicable to determine the merit and fitness of applicants for that position by competitive examination.
The question of whether an applicant is so disabled physically as to be rendered unfit for the performance of the duties of the position he seeks, is a question to be determined by the civil service commission of Ohio (Section 486-11, General Code). As a matter of course, the board of administration would have the right to take into consideration the physical condition of the applicants in making its selection from the certified list.
Section 486-7, General Code, provides that the rules of the state civil service commission “shall have the force and effect of law.”
Section 2 of Rule VIII, adopted by the state civil service commission, provides that “No person *460 shall be eligible for promotion from a position in any grade to fill a vacancy in the next higher grade unless the position in which he is employed at the time of the examination is in the same line ■ and character of work as the position to be filled.”
The demurrer to the first and third defenses admits, for the purposes of the demurrer, the truth of all the allegations contained therein that are well pleaded. Under the averments of the first defense it would appear that the state civil service commission was not authorized to hold a competitive promotional examination for the position of superintendent of the state school for the blind, and under the averments of the third defense it appears, from the facts pleaded therein, that J. Frank Lumb was not, at the time of this examination, employed in a position in the state school for the blind in the same line and character of work as the position to be filled, and, therefore, this demurrer is sustained as to the second and fourth and overruled as to the first and third defenses. The relators not desiring to plead further, the petition is dismissed.

Petition dismissed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.